| | |
|---|---|
| Judge: | Hon. Brian D. Lynch |
| Chapter: | 7 |
| Hearing Location: | Tacoma |
| Hearing Date: | February 26, 2020 |
| Hearing Time: | 9:00 a.m. |
| Response Date: | February 19, 2020 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No.  19-41974-BDL |
| TRAVIS B. BRANDT | |
| Debtor. | Chapter 7 |
| JACOBUS DU PREEZ, an individual, | |
| Plaintiff, | Adversary Proceeding No. 19-04061-BDL |
| -against- | |
| TRAVIS B. BRANDT, | |
| Defendant | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

### I.        RELIEF REQUESTED

COME NOW the Plaintiff, by and through his attorney of record the Law Offices of

Matthew S. Marcoe, PLLC, and moves this Court for an order compelling Defendant to answer

the written discovery requests propound by Plaintiff on December 17 and to continue the trial

date to alleviate Plaintiff's prejudice from Defendant's failure to respond to discovery.

### II.        STATEMENT OF FACTS

On December 17, Plaintiff propounded written discovery requests on Defendant,

requesting information and the production of documents necessary for the prosecution of

Plaintiff's claims in this proceeding.[1]  Pursuant to the Court rules, response were due on or

before January 16.  On January 15, Plaintiff sent a letter to Defendant inquiring as to whether

Defendant was interested in trying to negotiate a settlement in this matter and requesting a status

update on the discovery responses.[2]  On January 24, Plaintiff sent a second follow-up letter.[3]  In

that letter, Plaintiff informed Defendant that his continued failure to respond to discovery would

result in this motion.  Plaintiff has not received any response or communication from the

Defendant regarding settlement or the discovery responses.

### A.  *Defendant has a record of failing/refusing to respond to discovery requests.*

Plaintiff filed suit in King County Superior Court against Defendant on July 13, 2018,

asserting claims for fraud, negligent misrepresentation, breach of contract, breach of guaranty,

unjust enrichment, conversion, and misappropriation and conversion of money (embezzlement).

On July 30, 2018, Plaintiff propounded written discovery requests on Defendant, responses to

which were due thirty days later.

On August 28, in response to Plaintiff's inquiry regarding overdue discovery responses,

Defendant requested some additional time and Defendant agreed to produce responsive

documents on to Plaintiff on September 7.[4]  On September 7, Defendant served objections to

Plaintiff's discovery requests, but did not produce any responsive documents.   On September

19, the parties, through their attorneys, had a discovery conference pursuant to CR 26(i).[5] [6]  The

---

[1] Marcoe Dec., Ex. 1.
[2] Marcoe Dec., Ex. 2.
[3] Marcoe Dec., Ex. 11
[4] Marcoe Dec., Ex. 3.
[5] The conference would have taken place sooner, but Defendant's counsel was on vacation from September 7-17.
[6] Washington State Rule of Civil Procedure 26(i): Motions; Conference of Counsel Required.  The court will not entertain any motion or objection with respect to rule 26 through 37 unless counsel have conferred with respect to the motion or objection.  Counsel for the moving or objecting party shall arrange for a mutually convenient conference in person or by telephone.  If the court finds that counsel for any party, upon whom a motion or objection in respect to matters covered by such rules has been served, has willfully refused or failed to confer in good faith, the court may apply the sanctions provided under rule 37(b).  Any motion seeking an order to compel

parties agreed that Defendant would produce responsive discovery responses no later than October 3.[7] On October 3, Defendant produced some responsive documents. After a review thereof, Plaintiff determined that the responsive documents were not complete. On or about November 5, Plaintiff requested a second discovery conference and drafted a letter outlining the various shortcomings in Defendant's responses.[8] The parties conferred again on November 13, and Defendant again to produce some additional documents as outlined in Plaintiff's November 5 letter. Plaintiff also noted his motion for summary judgment to be heard on January 25, 2019. On November 28, Defendant produced redacted supplemental discovery responses and a draft stipulated protective order, which Defendant requested prior to producing un-redacted copies. While Plaintiff did not feel that the redacted information was privileged in any way, in the interest of finally receiving the long awaited production, Plaintiff agreed to so stipulate. On November 29, Defendant produced records pertinent to his amazon account. Defendant produced some more piecemeal documents on November 30.

Defendant attempted to have a protective order entered with the Court, but was unable to do so—the court rejected the protective order.

The Court requested that the parties continue the summary judgment hearing date and the parties agreed to a new hearing date of February 8. Defendant also informed Plaintiff that he would be filing a cross-motion for summary judgment for the same hearing. Upon reviewing the Defendant's newly produced discovery documents and in preparing for his response to Defendant's motion for partial summary judgment, Plaintiff became aware that certain documents with specific dates had been omitted from the production. On January 28, the parties

---

discovery or obtain protection shall include counsel's certification that the conference requirements of this rule have been met.
[7] Marcoe Dec., Ex. 4.
[8] Marcoe Dec., Ex. 5.

filed responses to the cross-motions for partial summary judgment—included with Plaintiff's

response was a CR 56(f) motion for continuance of Defendant's motion based on the continuing

discovery issues.[9]  On February 6, the court continued Defendant's motion for partial summary

judgment pursuant to CR 56(f).[10]

Plaintiff's motion for partial summary judgment was granted on February 8.  Defendant

ended up striking his motion for partial summary judgment some time shortly thereafter.  The

Court entered judgment against Defendant on the breach of contract and breach of guaranty

claims on March 19, 2019.[11]

Plaintiff continued to pursue his fraud claim against Defendant.  On May 23, 2019,

Plaintiff took Defendant's deposition.  Throughout the deposition, Defendant refused to answer

questions.  By way of example:

```
14      Q.  Are you aware that the RFPs that were
15  propounded upon you earlier in this lawsuit there's a
16  continuing duty on your part to supplement your answer
17  when information becomes available to you?
18      A.  I am not aware of that.
19      Q.  Well, I am representing to you now that there
20  is that duty.  And it would save us both a lot of time
21  if you would tell me the name so I don't have to file a
22  motion to compel, otherwise that's what I'm going to
23  have to do.  And I would rather not go through that
24  process, but –
25      A.  The name of the person who bought Boat 9 is
 1  not relevant.
 2      Q.  It is relevant.
 3      A.  Why?
 4      Q.  This is your deposition.  I'm asking the
 5  questions.  I'm telling you I need to know the
 6  information.  If you choose not to tell me, that's up
 7  to you.
 8          Do you know that there are consequences for
 9  that decision?  And this is on the record.  So I'm
```

---

[9] Marcoe Dec., Ex. 7.

[10] Marcoe Dec., Ex. 8.

[11] Marcoe Dec. Ex. 9.

10 warning you right now that this is well within the
11 purview of what I'm allowed to ask at this deposition.
12 I'm asking you a simple question: Who purchased
13 Hull 9?
14        You stated previously that you had given us
15 names for the previous boat owners. I didn't push that
16 hard on it. This was a new boat that was sold. I need
17 to know who it is that bought it. I would rather not
18 go through another court proceeding and have -- you
19 know, and have to get a motion to compel and have you
20 sanctioned and compelled to tell me.
21        A. My interpretation is that the judge made his
22 ruling already, and that because of the timing and the
23 space between the situation that we are talking about,
24 and Boat 9, that Boat 9 and its circumstances are not
25 relevant, particularly after the ruling of the judge.
 1 And if you look at the calendar time, there's no
 2 intermingling of funds. The other issue where it even
 3 touches is that at some point the material metal of
 4 Boat 9 was part of the scenario whereby Koos allowed us
 5 to transfer, up until the judge ruling. But the name
 6 of the person and the circumstances have no reaching
 7 ability back into this concept.
 8        In other words, all of the bank statements
 9 that you have, there's no money from Boat 9 customer in
10 there. The owner of that person and who put their
11 funds and borrowed money on their house to buy that
12 boat, it's completely out of the purview of this. It's
13 not in the timeline. It's not in the bank statements.
14 The money isn't comingled. No money for Boat 9 went
15 into anything we're talking about.
16        So for those reasons I don't feel comfortable
17 answering that question now. ***If you get a court order***
18 ***and force me, I will comply with the court order, but I***
19 ***won't do it willfully sitting here***.[12]

Defendant filed for Chapter 7 bankruptcy protection shortly thereafter and all proceedings in the

state court action were stayed.

## III.    ISSUES PRESENTED

---

[12] Marcoe Dec., Ex. 10 – Deposition of Brandt 121:19-123:19 [Emphasis added].

1. Whether Defendant should be compelled to respond to Plaintiff's written discovery requests?

2. Whether Plaintiff should be awarded attorney's fees and costs for having to bring this motion?

3. Whether the Court should continue the trial date to alleviate the prejudice caused by Defendant's failure to timely respond to Plaintiff's discovery requests?

## IV.    EVIDENCE RELIED ON

1. Declaration of Matthew S. Marcoe in support of Plaintiff's motion to compel and all exhibits attached thereto; and

2. The papers and pleadings on file with the Court.

## V.    LEGAL AUTHORITY AND ARGUMENT

### A.  F.R.Civ.P. 26(b) Governs the Scope of Discovery

Federal rule of bankruptcy procedure 7026 provides: "Rule 26 F.R.Civ.P. applies in adversary proceedings."  Federal rule of civil procedure 26(b), Discovery Scope and Limits, provides as follows, in pertinent part:

> (1) *Scope in General*.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discovery.

### B.  Documents Sought are Within the Scope of Discovery

Plaintiff seeks to gather information regarding where and how Defendant used and spent money loaned to him by Plaintiff in furtherance of Plaintiff's claims for nondischargability of his debt pursuant to 11 U.S.C. §§ 523(a)(2)(a), (a)(4), and (a)(6). This information includes documents and communications that the Plaintiff believes will evidence Defendant's false representations, his knowledge that his representations were false, intent, reliance, justification, embezzlement or misappropriate of those funds, and other information related thereto. All of this information is well within the scope of discovery and information, such as the Defendant's personal bank statements, are only in the custody of Defendant and not accessible to Plaintiff. The scope of discovery is broad and Plaintiff is entitled to receive answers to the foregoing information.[13]

### C. The Time for Defendant to Lawfully Respond has Passed.

Federal rules of bankruptcy procedure 7033 and 7034 also expressly reference the Federal Rules of Civil Procedure. F.R.Civ.P. 33(b)(2) provides: "*Time to Respond*. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Likewise, F.R.Civ.P. 34(b)(2)(A) provides, in relevant part: "*Time to Respond*. The party to whom the request is direct must respond in writing within 30 days after being served…".

Pursuant to the above rules, Defendant has thirty days to respond to Plaintiff's discovery requests. Plaintiff propounded his discovery requests on Defendant on December 17. Responses were due on January 16. That day has now come and passed and Plaintiff has not only received no responsive discovery, but has not even heard from Defendant.

---

[13] F.R.Civ.P. 26(b).

Moreover, as evidenced by Defendant's past conduct with discovery and his own admission that he will not cooperate in the discovery process without a court order to "force him," it is necessary for Plaintiff to move this court to compel his response.

### D. Plaintiff has complied with the good faith requirement of F.R.Civ.P. 37(d)(1)(B).

As previously explained, Plaintiff propounded the discovery requests on December 17. On January 15, Plaintiff send a follow-up letter requesting the status of the discovery requests. Defendant did not respond. Plaintiff waited just over a week. On January 24, Plaintiff sent a second follow-up letter to Defendant requesting the discovery responses and informing Defendant that he would be filing this motion on January 28 if Defendant continued to ignore Plaintiff's request. Defendant still has not responded or produced answers. Plaintiff certifies that he has made a good faith effort to attempt to confer with Defendant.

### E. Failure to Cooperate in Discovery—Sanctions.

Federal Rule of Civil Procedure 37, Failure to Make Disclosure or to Cooperate in Discovery; Sanctions, provides in pertinent part:

> (a)(1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure of discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> (3) *Specific Motions.* (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production or inspection. This motion may be made if: …
>> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>> (iv) a party fails to produce documents…as requested under Rule 34.
>
> (d)(1) *In General.*
> (A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if: … (ii) a party, after being properly

> served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>
> (B) *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

Plaintiff has in good faith strictly complied with the requirements of the discovery rules. He has given Defendant ample opportunity to address and cure his default with regard to his failure to respond to discovery and the Defendant has continued to refuse to respond. Plaintiff is entitled to sanctions pursuant to F.R.Civ.P. 37(b)(2)(A)(i)—(iv), including reasonable attorney's fees and costs incurred by Plaintiff in bringing this motion; a trial continuance until such time as Plaintiff receives Defendant's answers and responses and has the opportunity to vet the same, and an order of default judgment against Defendant.

### i. *Attorneys Fees and Costs.*

Included in the Declaration of Matthew S. Marcoe in support of this motion is an affidavit regarding Plaintiff's attorney's fees and costs.

### ii. *Continuance of the Trial Date*

In light of these extraordinary circumstances and to alleviate the prejudice suffered by Plaintiff, he also respectfully requests that the trial date be continued until mid-June and the scheduling order amended accordingly. The granting of a continuance is within the court's discretion.[14] Factors weighed when an appellate court considers whether a trial court should have granted a continuance are set forth in *State v. Flynt*—(1) the extent of a moving party's diligence in his efforts to ready his case prior to the date set for hearing; (2) how likely it is that the need for

---

[14] *Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1107 (5th Cir. 1991); *see also* Moore's Manual § 20.02 at 20—18 n. 5 (the federal rules do not regulate the matters of continuances but leave their regulation to each of the district courts (*citing Pingatore v. Montgomery Ward & Co.*, 419 F.2d 1138 (6th Cir. 1969), *cert. denied* 398 U.S. 928, 90 S. Ct. 1818, 26 L.Ed.2d 90 (1970))).

a continuance could have been met if the continuance had been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses; and (4) the extent to which the moving party might have suffered harm as a result of the district court's denial.[15]

Plaintiff has been diligent in his preparation for trial, including reviewing the volumes of documents that he received in the previous state court litigation. In making such a review, plaintiff has discovered that there are certain documents that he either was not provided or that were not within the scope of discovery for the state court case. Plaintiff requires these documents to prosecute his claim. Defendant has refused to respond, despite Plaintiff's attempts to contact him. Plaintiff is already prejudiced in that he now has less time to prepare for trial than he would have had he received the documents timely. Furthermore, having to file this motion will even further delay Plaintiff's receipt of the information. A continuance of the trial date combined with an order compelling Defendant to produce such documents will ultimately alleviate the prejudice suffered by Plaintiff.

Plaintiff is unaware of any prejudice that will be suffered by the court or the Defendant in continuing the trial. This case has not been continued previously. Plaintiff has complied with the requirements of the bankruptcy procedure rules, federal civil rules, and deadlines listed in the Court's scheduling order. This includes Defendant's recent failure to file or serve his pretrial disclosure statement on January 27, 2020. In consideration of these extraordinary circumstances and Defendant's willful refusal to participate in the judicial process, Plaintiff requests a trial continuance and an Order compelling Defendant to respond to discovery.

## VI. PROPOSED ORDER

---

[15] 756 F.2d 1352, 1359 (9th Cir. 1985).

A proposed order has been submitted as an exhibit to this motion pursuant to the local

rules.



Dated: Mercer Island, Washington
January 30, 2019

*/s/Matthew S. Marcoe*
Matthew S. Marcoe, WSBA #46743
Law Offices of Matthew S. Marcoe PLLC
7900 S.E. 28th Street, Ste 500
Mercer Island, WA 98040
P: (206) 714-0874
F: (425) 529-9505
mmarcoe@marcoelaw.com

Attorney for Plaintiff