IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| IN RE THE BANKRUPTCY OF<br>TRAVIS B. BRANDT,<br><br>       Debtor. | ) ) ) ) ) ) ) | CHAPTER 7 PROCEEDINGS<br>No. 19-41974-BDL<br><br>ADV. NO. 19-04061-BDL |
| JACOBUS DU PREEZ,<br>an individual,<br><br>       Plaintiff,<br><br>vs.<br><br>TRAVIS B. BRANDT,<br><br>       Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | DEFENDANT<br>NOTICE OF MOTION AND<br>HEARING ON October 21, 2020<br><br>Judge Hon. Brian D. Lynch |

FILED
**Western District of Washington
at Tacoma**

SEP 1 6 2020

**MARK L. HATCHER, CLERK
OF THE BANKRUPTCY COURT**

PLEASE TAKE NOTICE that DEFENDANT'S MOTION TO IMPOSE RULE 11 SANCTIONS that required a 21 day harbor period that began on August 14 2020 with Timely Notice to Attorney Marcoe is now set for Hearing on October 21, 2020.

IS SET FOR HEARING AS FOLLOWS

JUDGE: Honorable Brian D. Lynch        TIME: 9:00 AM

PLACE: **COURTROOM 1\*\***        DATE: October 21, 2020

         Tacoma Federal Courthouse Union Station

         1717 Pacific Avenue, Ste 2100

         Tacoma, WA 98402-3233

         \*\*OR BY TELECONFERENCE AS COURT RULES MAY APPLY

DEF NOTICE OF HEARING MOTION TO IMPOSE
RULE 11 SANCTIONS – 1

Travis Brandt pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600
Tacoma, WA 98402
phone 907.342.2141

IF YOU OPPOSE this Motion, you must file your written response with the Clerk's office of the bankruptcy court and deliver copies to the undersigned and all parties not later than the RESPONSE DATE which is **OCTOBER 14, 2020.**

If you file a response you are also required to appear at the hearing.

If no response is timely filed and served, the court may, in its discretion, grant the motion prior to the hearing without further notice, and strike the hearing.

Dates: September 14, 2020

Moving Party:

Travis B Brandt Debtor Pro Se

Travis B Brandt Debtor
c/o Morton McGoldrick
820 A St Suite 600
Tacoma, WA 98042
phone 907.342.2141
travis@xtenterprises.com

DEF NOTICE OF HEARING MOTION TO IMPOSE
RULE 11 SANCTIONS – 2

Travis Brandt pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600
Tacoma, WA 98402
phone 907.342.2141

**Service**

I Travis Brandt hereby certify that on September 14, 2020 via First Class Mail, I have mailed a true and correct copy of this NOTICE OF HEARING OF DEFENDANTS MOTION TO IMPOSE RULE 11 SANCTIONS as Filed and or As Amended to:

Matthew S. Marcoe
7900 S. E. 28th Street, Ste 500
Mercer Island, WA 98040

Travis Brandt (Defendant)

DEF NOTICE OF HEARING MOTION TO IMPOSE
RULE 11 SANCTIONS – 3

Travis Brandt pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600
Tacoma, WA 98402
phone 907.342.2141

Hon Judge Brian D Lynch

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

IN RE THE BANKRUPTCY OF
TRAVIS B. BRANDT,

    Debtor.

CHAPTER 7 PROCEEDINGS
No. 19-41974-BDL

ADV. NO. 19-04061-BDL

JACOBUS DU PREEZ,
an individual,

    Plaintiff,

vs.

TRAVIS B. BRANDT,

    Defendant.

DEFENDANT
MOTION TO IMPOSE RULE 11 SANCTIONS

**FILED**
Western District of Washington
at Tacoma

SEP 16 2020

MARK L. HATCHER, CLERK
OF THE BANKRUPTCY COURT

**DEFENDANT MOTION TO IMPOSE RULE 11 SANCTIONS**

JURISDICTION

Rule 11 applies IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON as a Federal Rule of Civil Procedure.

RELIEF REQUESTED

COMES NOW Defendant TRAVIS B. BRANDT pro se and moves this Court to impose Rule 11 Sanctions against Attorney MATTHEW MARCOE and Plaintiff JACOBUS DU PREEZ for their blatant violation of Rule 11 governing Representations to the Court.

A Safe Harbor period under Rule 11 is twenty-one (21) days which begins upon service.

After Safe Harbor, if the offending party does not candidly withdraw the violating stance or position, the Motion for Rule 11 sanctions will be filed with the court in compliance with Rule 11(c)(2) Motion for Sanctions.

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141

DEFENDANT MOTION FOR RULE 11 SANCTIONS – 1

This Motion is not intended to litigate this case but rather to lawfully invoke Rule 11.

## APPLICABLE LAW

Rule 11 (b) REPRESENTATIONS TO THE COURT

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed <u>after an inquiry reasonable under the circumstances</u>,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) SANCTIONS.

(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

**From the Notes of Advisory Committee on Rules—1983 Amendment,** *"The new language <u>stresses the need for some prefiling inquiry into both the facts and the law</u> to satisfy the*

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141

DEFENDANT MOTION FOR RULE 11 SANCTIONS  – 2

*affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances. See Kinee v. Abraham Lincoln Fed. Sav. & Loan Ass'n, 365 F.Supp. 975 (E.D.Pa. 1973). This standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation. See Nemeroff v. Abelson, 620 F.2d 339 (2d Cir. 1980)."*

**Further in the same set of 1983 notes,** *"The text of the amended rule seeks to dispel apprehensions that efforts to obtain enforcement will be fruitless by insuring that the rule will be applied when properly invoked. The word "sanctions" in the caption, for example, stresses a deterrent orientation in dealing with improper pleadings, motions or other papers. This corresponds to the approach in imposing sanctions for discovery abuses. See* National Hockey League v. Metropolitan Hockey Club, *427 U.S. 639 (1976) (per curiam). And the words "shall impose" in the last sentence focus the court's attention on the need to impose sanctions for pleading and motion abuses. The court, however, retains the necessary flexibility to deal appropriately with violations of the rule. It has discretion to tailor sanctions to the particular facts of the case, with which it should be well acquainted."*

**From the Notes of Advisory Committee on Rules – 1993 Amendment** *"The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; referring the matter to disciplinary authorities (or, in the case of government attorneys, to the Attorney General, Inspector General, or agency head), etc. See* Manual for Complex Litigation, Second, *§42.3. The rule does not attempt to enumerate the factors a court should consider in deciding whether to impose a sanction or what sanctions would be appropriate in the circumstances; but, for emphasis, it does specifically note that a sanction may be nonmonetary as well as monetary. Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether*

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141

DEFENDANT MOTION FOR RULE 11 SANCTIONS – 3

*the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants: all of these may in a particular case be proper considerations. The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons."*

**Further in the same set of 1993 notes,** *"The sanction should be imposed on the persons—whether attorneys, law firms, or parties—who have violated the rule or who may be determined to be responsible for the violation. The person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and in most situations is the person to be sanctioned for a violation. Absent exceptional circumstances, a law firm is to be held also responsible when, as a result of a motion under subdivision (c)(1)(A), one of its partners, associates, or employees is determined to have violated the rule. Since such a motion may be filed only if the offending paper is not withdrawn or corrected within 21 days after service of the motion, it is appropriate that the law firm ordinarily be viewed as jointly responsible under established principles of agency. This provision is designed to remove the restrictions of the former rule. Cf. Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120 (1989) (1983 version of Rule 11 does not permit sanctions against law firm of attorney signing groundless complaint)."*

**Further in the same set of 1993 notes,** *"The rule provides that requests for sanctions must be made as a separate motion, i.e., not simply included as an additional prayer for relief contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the*

DEFENDANT MOTION FOR RULE 11 SANCTIONS  – 4

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141

*motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions."*

## STATEMENT OF FACTS

Rule 11 violations have been a pattern in this case with Attorney Matthew Marcoe who also filed his 'Notice of Unavailability' on this docket to trick Defendant, resulting in wasting the courts time who had to inform him that no such notice exists in this Court. That violation was inconvenient and likely had a small role in delaying the case but the Court did not see fit to impose sanctions at that time, although it would have been lawful to do so.

In keeping with various Rule 11 Advisory Notes and intent of the rule, the party who discovers the need for imposition of the rule has a duty to timely notify the offending party as soon as they become aware of the violation.

Defendant unknowingly notified Plaintiff of various factual errors in his Amended Complaint by email on **Feb 2, 2020 3:45pm** (EXHIBIT I), but did not impose Rule 11 because at the time he was unaware Rule 11 existed. Attorney Marcoe as an attorney has a responsibility to know about Rule 11 and should have amended his grave errors upon receiving the email from Defendant.

Knowledge of Rule 11 came to pro se Defendant on August 13, 2020 (yesterday). There are several particular violations of Rule 11 in the pleadings and declarations that will be Motioned for separately as required by the Rule in the upcoming days.

In keeping with the rule for Motioning separately, this Motion deals only with the false fact that Attorney Marcoe signed in his ***Amended Complaint, Paragraph 39*** which states in its entirety *"Sometime in September of 2017, Debtor informed Plaintiff that there was an additional*

DEFENDANT MOTION FOR RULE 11 SANCTIONS  – 5

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141

*lender, which retained a first position lien on Hull H7 and that Plaintiff did not have a first position subordination agreement in writing as was previously promised to Plaintiff."*

This false statement of fact is central to his overall allegations of Fraud (representation, concealment, intent, and so forth).

Both Plaintiff JOCUBUS DU PREEZ and Attorney MATTHEW MARCOE knew it was a false statement when Attorney MATTHEW MARCOE applied his signature.

We know of their knowledge of its falsity because, besides the above 2/24/2020 email (Exhibit I), Attorney Marcoe first made the same factually false statement in Superior Court, and, throughout that discovery process and that Partial Summary Judgement, he surely became aware of the overwhelming evidence documents that prove Plaintiff had full knowledge of the existence, identity, and context (lien on the company) of the other lender CCLC and the principles Don Rodocker and manager Steve Adams.

In blatant disregard for the Court, with knowledge of the falsity of his statement Attorney Marcoe applied his signature to the lie and filed the same in this Court. Perhaps he felt some need to apply his signature to the lie in similar fashion to how he alleged embezzlement or larceny, but obviously he holds blatant disregard for the Court or any legal research.

The facts are indisputable. This RULE 11 violation is grave because not only is it false with a significant amount of documented evidence that was in his possession at the time the allegation was made, the purported 'fact' is central to all the allegations being made in the case. Without this false statement in Paragraph 39 the case is altered completely.

FACTUAL EVIDENCE OF RULE 11 VIOLATION

Pro Se Defendant directly informed the Plaintiff of the other lenders existence via email **on July 26, 2016 (Exhibit A),** *"some of the first steps would be to have you come by the shop and look at the boat, and then we can sit down with my banker who is a world class diver and boat guy."*

Note, this is fourteen (14) months before Sept 2017 and subsequently throughout the entirety of the relationship the existence of such other lender was central to the context of the

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141

**1**
**2**
**3**
**4**
**5**
**6**
**7**
**8**
**9**
**10**
**11**
**12**
**13**
**14**
**15**
**16**
**17**
**18**
**19**
**20**
**21**
**22**
**23**
**24**
**25**
**26**
**27**
**28**
**29**
**30**
**31**
**32**
**33**

loans and working relationship between the parties. Over those 14 months, the lenders identity didn't change the principle people didn't change, the lien context didn't change. However likely it may be, but irrelevant, Attorney Marcoes client Mr du Preez may have withheld this material information from his attorney. In any case, this same information was easily obvious to Attorney Marcoe had he conducted even the slightest reasonable inquiry under the circumstances, as was his duty as an attorney to avoid Rule 11 Violations.

Mr Marcoes should have retracted his Paragraph 39 statement after Debtors email to him **on Feb 24, 2020 3:45pm** (EXHIBIT I) where Debtor specifically addresses this specific Paragraph 39 discrepancy.

Further, if there is any question in the courts view as to whether attorney Mr Marcoe could have missed either one of these emails (Exhibit A or I) by mistake and therefore the Court potentially excuse him for a singular oversight, the following is a much longer list of emails, but not a complete list as there were over 400, showing overwhelmingly that Plaintiff knew and understood there were other bankers in play and in particular who those bankers were.

On **July 26, 2016 7:08pm** – *(EXHIBIT A)* Defendant replied to an email from Plaintiff inquiring if Defendant was still interested in engaging (this can be read also in Exhibit A). Defendant wrote in part *"some of the first steps would be to have you come by the shop and look at the boat, and then we can sit down with my banker who is a world class diver and boat guy."* Note, this is fourteen (14) months before Sept 2017.

On **12-15-2016 2:44pm** – *(EXHIBIT B – first circled area)* Defendant writes in reply to Plaintiff "I'm here diligently working on the remaining $80,000."

On **12-15-2016 2:21pm** - *(EXHIBIT B – second circled area)* Plaintiff queries Defendant *"How are things looking from your other investors to reach your $100k goal?"* This is ten months before September 2017, and six months before loan #2 even began.

the **12-8-2016 11:43am**, - *(EXHIBIT B – third circled area)* Plaintiff replied to Debtor, *"Ok – here is the revised one with business name. The agreement if (SIC) for a general loan of $20,000 towards completion of the boat. Theres not much contractual value in adding that <u>its part of a bigger funding process</u>. The collateral is basically the boat or other XTI assets, so I*

DEFENDANT MOTION FOR RULE 11 SANCTIONS – 7

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141

*dont really need other security. And payment can me (SIC) made in a lump sum after you sold*
*the boat and is not required until the due date, which I made in June, this way you have some*
*wiggle room."* Here Plaintiff indirectly acknowledges the other lender.

On **12-8-2016 11:20am** – *(EXHIBIT B – fourth circled area)* Defendant writes to
Plaintiff *"Make borrower Xtaeros, Inc. and say something about the 'Partial' of a $100,000*
*intent on the same asset. Thus proportionally secured in a shared first position?"* This email
exchange discusses the obvious that Plaintiff does not expect to be the sole lender, in fact, the
'other investors' end up being the same CCLC. Clearly Plaintiff had knowledge that he was not
the only lender since July 2016.

On another email exchange, See *(EXHIBIT C)* where Plaintiff replies to Defendant's
*(EXHIBIT D)*

On **12-022-2016 4:04pm** – *(EXHIBIT D)* In keeping with Defendants policy of an
abundance of access to the company by the bankers, Defendant forwards an email from the
upcoming Anchorage Boat Show. Defendants forward was addressed; To: Don Rodocker the
other lender who was principle of CCLC, and Defendant: cc'd: Plaintiff. Notice the 'To' address
and the 'cc' address.

Plaintiffs reply to Exhibit D, is found in (Exhibit C) but Plaintiff did not include Mr.
Rodocker, however, in light of all the known communications, and being six months after bing
informed of the 'other banker' being a world class diver and boat guy, it is obvious that Plaintiff
knew the identity of Don Rodocker as the principle of CCLC, who is the 'other lender' referred
to in Amended Complaint Paragraph 39.

Further, On **2-10-2017 6:06pm** – *(EXHIBIT E)* Defendant specifically identified the
Second Investor as having been repaid $96,600 including specific words of shared first position.
This is before Loan #1 was paid back in April 2017.

Further, On **5-3-2017 12:57pm** – *(EXHIBIT F)* Defendant writes to Plaintiff that he is
hoping Plaintiff comes through with the loan because *"If we wait longer we'll be out $1,500 fees*

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141

*and interest to borrow another round through our 'more expensive' banker, who just got paid back $96,000+$9,700."*

On **5-22-2017 7:13pm** – *(EXHIBIT G)* Defendant writes to Plaintiff *"I've copied our main banker on this"* explicitly notifying that on this loan #2, there was a 'main banker' but Plaintiff already knew this since July of 2016 the prior year, as nothing had changed.

Also on **8-18-2017** - *(EXHIBIT H)* Email Travis to the bankers, including du Preez, asking for feedback before sending the proposal to the potential Alaskan buyer, who ended up being the actual Alaskan buyer. Debtor writes *"I'm preparing to send this to a potential customer in Juneau... any quick thoughts before I do?"*

Note, that this Exhibit H email was sent in August before H7 sold, not September, and was address to all three bankers, Plaintiff du Preez, Don Rodocker, Steve Adams.

All of these above emails occurred before, during and after the subject loan, but most importantly all occurred **before Sept 2017** when Plaintiff falsely states a purported fact that Defendant made known the existence of the other lender AFTER .

Clearly the existence of the second banker was in the known set of facts between Plaintiff and Debtor since July 26, 2016 (fourteen months prior) and therefore Plaintiff applying his signature to the false statement to the Court in Paragraph 39 is intended for the sole purpose of misleading the court.

In the absence of this false fact, there is no case. How can the Plaintiff make this representation to the court that he did not know about the existence of the other lender, when he also contends to have a security interest in the boat? He admitted in open court that he does not have a perfected interest when directly asked by Judge Lynch.

Mr Marcoe is carrying on as if he did not know of the other lenders existence until September 2017 and this entire case is based on this concept in Paragraph 39.

By definition Plaintiff is in violation of Rule 11 by presenting the false fact solely for the improper purpose to harass or to cause unnecessary delay and needlessly increase in the cost of litigation.

DEFENDANT MOTION FOR RULE 11 SANCTIONS – 9

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141

## APPLICATION OF RULE 11

Sanctioning of Attorney Marcoe is appropriate in this case because as an attorney he has a duty to abide by Rule 11 as it is written. Debtor is not aware of any special dispensation provided to Attorney Marcoe to prosecute this case or make false statements outside of Rule 11.

Sanctions against Plaintiff Koos du Preez are appropriate because obviously he instigated the false facts, presumably Attorney Marcoe did not make it up out of thin air, and in compliance with the intent of Rule 11 both the Plaintiff and the Attorney representing the Plaintiff can and should be sanctioned.

1. Attorney Marcoes making of the false statement and applying his signature is frivolous and not intended to modify, extend, or reverse existing law, or create new law, and

2. Attorney Marcoes making and signing the false statement has no evidentiary support or, even when specifically identified, does not have evidentiary support, and now even after a reasonable opportunity for further investigation or discovery there is no evidentiary support, nor was any likely to have been reasonably expected at the time the allegation was made, and

3. Attorney Marcoe making and signing the false statement is not warranted give the overwhelming evidence to the contrary, and therefore even on reasonable 'information and belief' it is obviously a lie intended to paint a defamatory picture of Defendant.

4. *"The denials of factual contentions are warranted on the evidence or, if specifically identified, are reasonably based on belief or a lack of information."* Attorney Marcoe fails to present any evidence, he does not specifically identify any evidence, and his statement cannot be reasonably based on belief or lack of information..

## SANCTIONS

(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the

DEFENDANT MOTION FOR RULE 11 SANCTIONS – 10

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141

challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); {not the case here} or

(B) on its own, **unless it issued the show-cause order under Rule 11(c)(3)** before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned. {also not the case here}

(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

PRAYER

Debtor hereby Prays for relief by restoring of his name and reputation which has been materially damaged because the Plaintiffs false fact is publicly made and meant only to defame and disparage Debtor in effort to prevent him from future business deals involving lenders, therefore Debtor respectfully requests that the Order Imposing Sanctions include a statement that Travis B Brandt did not conceal the existence of the other lender but instead went out of his way on the initial invitation to Plaintiff to explain the existence and identity of the other lender.

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141

DEFENDANT MOTION FOR RULE 11 SANCTIONS – 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33

Further Prayer, in accordance with Rule 119(c)(4) being imposed by Motion directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. Being pro se, Debtor has few attorneys fees, however the public Paragraph 39 false fact signed by Attorney Marcoe comes imposes overwhelmingly negative impact onto Debtors ability to find work, either employment or a new business. This monetary cost is incalculable. Defendant has lost his business, his residence, and spent many hundreds of hours litigating this frivolous case. Obviously Rule 11 Sanctions do not litigate the case, but in this circumstance the track record of Attorney Marcoe playing tricks on Defendant is well documented, and this major Rule 11 violation is not his first in this case, but this specific violation is aimed at the materiality of this entire case. Compensation for time and money lost of $250,000 is reasonable to recoup at least some of the overwhelming damage to Debtors life, however Defendant will defer to the judgement of the Court in assigning appropriate monies for Defendant in addition to whatever the Court will apply in nonmonetary directives or penalty to the Court.

SIGNED this 14th day of August 2020 at Tacoma Washington

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600
Tacoma WA 98402
(907) 342-2141

DEFENDANT MOTION FOR RULE 11 SANCTIONS  – 12

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141

Hon Judge Brian D Lynch

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33

Service

~August~

I Travis Brandt hereby certify that on ~~May~~ August 14, 2020 via First Class Mail, I have mailed a true and correct copy of this DEFENDANT MOTION TO IMPOSE RULE 11 SANCTIONS.

Matthew S. Marcoe
7900 S. E. 28th Street, Ste 500
Mercer Island, WA 98040

Travis Brandt (Debtor)

DEFENDANT MOTION FOR RULE 11 SANCTIONS – 13

Travis Brandt, pro se
c/o Morton McGoldrick, PLLC
820 A St Suite 600,
Tacoma WA 98402
(907) 342-2141